[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter first came to this court by writ, summons and complaint dated December 8, 1994, filed December 23, 1994 returnable December 27, 1994, all as of record more fully appears claiming a dissolution of marriage, joint custody of minor children, visitation, a division of personal property and other relief.
The Plaintiff is represented by counsel. The Defendant appeared by counsel on June 2, 1995.
On January 22, 1996 certain pendente lite orders regarding custody of the minor children, visitation and support were entered by the Court, Walsh J., based on an agreement of the parties.
The Plaintiff and the Defendant and their respective counsel appeared before the Court on January 7, 1997 and were heard.
The Court makes the following findings of fact.
The Plaintiff and the Defendant, whose maiden name was Robin Grant, intermarried at Ledyard, Connecticut on July 28, 1985.
Both the Plaintiff and the Defendant have resided in this state for more than twelve months prior to the finding of the complaint.
The following are the minor children born to the Defendant wife since the date of the marriage, all of whom are the lawful issue of this marriage: Julie A. Dalton, born December 20, 1985, Kaitlyn A. Dalton, born February 25, 1988, Holli L. Dalton, born April 2, 1989 and Shelby M. Dalton, born June 15, 1992.
Neither the Plaintiff nor the Defendant receive now, nor have they in the past, public assistance or welfare.
The Plaintiff, age 43, is employed as an estimator in electrical construction by the A/Z Corporation of Ledyard. CT Page 359
Plaintiff's weekly gross is $600.00. His net pay, which provides for a $50.00 deduction for support of a child not issue of this union, is $412.00.
Plaintiff works 45 hours a week, does not have a second job and in 1996 did not receive any bonus.
Plaintiff receives .30¢ a mile for travel when he is required to attend at various locations incident to this job.
The Plaintiff formerly headed and conducted a business engaged in electrical construction known a G.A. Dalton Co. Inc.
This business entity failed and the Plaintiff is indebted to the Internal Revenue Service in the amount of $110,000.00 plus as a result of not having sent in monies withheld from former employees' wages.
The Plaintiff's education extended through one year of college.
The Defendant, age 37, is employed at Foxwoods Casino as a dealer, works 25 hours a week, receives an hourly rate of $4.25 plus tokes. Tokes average between $9.00 to $14.00 per hour.
Defendant received a $1,000.00 bonus in December 1996.
In 1995, the Defendant with her sister sold certain property in Windsor for which Defendant received $9,000.00. This $9,000.00 the Defendant has spent in maintaining herself and the children.
The Defendant's education extended through high school.
At the time of her marriage to the Plaintiff, the Defendant was employed by the U.S. Postal Service.
The Defendant filed her own income tax return for 1995 and took the four children as exemptions.
The Defendant's weekly gross is $300.93 and her net $226.57 from her employment. CT Page 360
The Plaintiff and the Defendant have an equitable fractional interest in certain real estate (a lot) situated on Vinegar Hill Road in Ledyard.
The record title to the lot stands in the name of the Plaintiff's brother.
The Plaintiff contributed $3,000.00 to this asset and the Defendant $7,000.00, which $7,000.00 came from Defendant's Postal Service Retirement Fund.
The Defendant was not involved in nor associated with Plaintiff in Plaintiff's failed corporation.
The Plaintiff and the Defendant entered into a Separation Agreement dated January 7, 1997 which is set forth herein verbatim and which agreement is accepted by the Court and incorporated herein.
SEPARATION AGREEMENT
 "The parties hereby stipulation that their marriage of July 28, 1985 has broken irretrievably and they have reached the following agreement:
 The parties shall share joint legal custody of the four (4) minor children, JULIE, born December 20, 1985, KAITLYN, born February 25, 1988, HOLLI, born April 2, 1989, and SHELBY, born June 15, 1992. The primary residence of the minor children shall be with the Defendant mother.
 The Plaintiff father shall have reasonable rights of visitation to specifically include: Sundays 8:00 a.m. to 6:00 p. m., Thursdays 5:00 p. m. to 8:30 p. m., and such other times as mutually agreed.
 The parties shall share or alternate major holidays and school vacations.
The Plaintiff to pay the Defendant CT Page 361 child support per the child support guidelines in the amount of $198.00 per week.
 The Defendant shall claim Kaitlyn and Holli.
 The Plaintiff shall claim Julie and Shelby.
 Each party shall claim two (2) minor children as Federal Income Tax Exemptions.
 The Plaintiff and Defendant shall maintain the minor children on their insurance as available through their employer. The provisions of 46b-84d shall apply. The parties shall equally share the unreimbursed medical expenses of the minor children.
 The Plaintiff husband shall assign all of his right, title and interest in the Ledyard real estate currently in the name of Randy H. Dalton, to the Defendant wife."
In addition to accepting the Separation Agreement, the Court enters the following orders.
The Plaintiff shall be responsible for the debt to Sears shown on his affidavit.
The Plaintiff shall be solely responsible for the indebtedness to the Internal Revenue Service in the amount of $110,000.00 and hold the Defendant harmless therefrom.
Plaintiff may retain the motor vehicles shown on his affidavit and the boat shown on his affidavit all having modest value or a minus equity.
The Defendant shall be responsible for the three debts shown on her affidavit to wit Citibank, ATT M. C. and G. E. Rewards.
Defendant may retain the motor vehicle shown on her CT Page 362 affidavit, a 1990 Ford Taurus.
Defendant may retain all furniture and furnishings contained in her Ledyard residence.
The Court mindful of the modest circumstances of the parties and the Defendant wife having the care of four children ages 11, 8, 7 and 4, awards alimony to the wife in the amount of $10.00 weekly.
The Defendant wife may resume her maiden name of Robin Mary Grant.
The Court not being provided with any statement as to attorney's fees on behalf of the wife enters no order thereon.
Leave is granted to submit a statement on her behalf within 30 days.
The marriage is dissolved on the grounds of irretrievable breakdown and the parties are declared to be single and unmarried.
The Court has considered all relevant statutes concerning custody, support and alimony including Connecticut General Statute §§ 46b-56, 46b-56a, 46b-63 and 46b-66.
Austin, J.